## SPELL *v.* SPELL.

Under the evidence in this case, there being some evidence to support the contentions of the plaintiff, the court should have submitted the case to the jury, and it was error to direct a verdict for the defendant.
No. 2100. FEBRUARY 19, 1921.

Ejectment. Before Judge Hardeman. Emanuel superior court. April 30, 1920.

*A. S. Bradley,* for plaintiff. *F. H. Saffold,* for defendant.

BECK, P. J. After a careful consideration of all the evidence contained in the record, we are of the opinion that there are conflicts in the evidence upon the material issues in the case that should have been submitted to the jury for their determination. On the trial of a case, however strongly the evidence may preponderate in favor of parties, the court can not direct a verdict if this evidence is controverted by other material evidence. And we find in the brief of the evidence contained in this record some evidence upon the part of the plaintiff that entitled him to have his case submitted to a jury. It is true that much of the evidence, especially portions of it introduced by the plaintiff, is vague and unmeaning, because the witness delivering the evidence frequently referred to a map which evidently

was before him at the time of his testifying, and would indicate the location of certain alleged points and lines by saying that such and such a line or point or boundary was "here" or "there," to which statement the reporter added in parenthesis "indicating." And we want to say here, what we have had more than once to say in regard to such testimony, that statements like this by a witness, though they may have been perfectly clear to the court and the jury, who could see from the map the lines or points or boundaries indicated, can have no meaning to one who reads the evidence without being able to know what point was indicated or pointed out on the map or diagram. But there is sufficient evidence in the record, intelligible without the maps, to show that there was a conflict on the material issue, and the court should have submitted the case to the jury and have refused to direct a verdict.

*Judgment reversed. All the Justices concur.*